# JONAS U. GROVE

## *v.*

## JONATHAN R. MILES.

1. VENDOR'S LIEN—*may be enforced for money necessarily expended by vendor for improvements, which, by the terms of sale, the vendee was to make.* Where a party sells an interest in real estate to another, in consideration of the undertaking by the vendee to make certain improvements, and the vendee places in the hands of the vendor funds, to be applied toward paying for such improvements, and the necessary cost of such improvements exceeds the amount furnished by the vendee, and the vendor pays it, the amount of such excess may be regarded as unpaid purchase money, for which the vendor may enforce a lien, by sale of the interest of the vendee in the property.

2. SAME—*proof of the value of the improvements.* Where a vendor seeks to enforce a lien for the cost of improvements paid by him, which, by the terms of sale, the vendee was to pay, proof of the amount so paid, without

any evidence as to the value of the improvements, is not sufficient, when the proof made by the vendee is, that the whole cost of making the improvements which vendee should have made ought to have been much less than the amount paid by the vendor. Under such circumstances the vendor should not only show what he paid, but he should make some proof in regard to the value of the improvements for which he paid.

3. SAME—*rents and profits.* In a proceeding to enforce a vendor's lien, where the vendor has had the possession and control of the property, the vendee should be credited with a share of whatever the vendor may have received, in respect to the use and enjoyment of the property, proportioned to the amount he may have paid on his purchase.

APPEAL from the Circuit Court of Macoupin county.

Mr. JOHN I. RINAKER, and Mr. W. R. WELCH, for the appellant.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 21st of October, 1867, the parties to this suit entered into a written agreement, whereby Miles agreed to sell to Grove one-half of certain mill premises, in consideration of the latter furnishing and placing all necessary machinery, complete, in the mill, then erected, for the running of three sets of stone. At the same time, Grove entered into a written contract with one Brooks, for the latter to furnish and put in the machinery by March 1, 1868, for the sum of $7400, and Grove placed in the hands of Miles that amount of Macoupin county bonds, the avails thereof to be paid out by Miles for the work.

For some cause, Brooks quit the work, without having completed it, in March, 1868.

The claim of Miles is, that he paid out $11,372 for the necessary completion of the work, and this bill in chancery was filed by him to subject the premises to sale, for the difference between this sum and $7400, the amount placed in his hands by Grove. The court below, at the March term, 1873, rendered a decree in favor of Miles for $4683.68, and in de-

fault of payment within ninety days, ordered that the premises be sold for the payment. Defendant brings the case here by appeal.

This case was before this court at the January term, 1871, and the decree was reversed, the court not being satisfied with its correctness as to the amount found due. *Grove* v. *Miles*, 58 Ill. 339.

It is insisted that the bill should have been dismissed for want of equity.

The same objection was taken before, and the bill was held by this court to be maintainable, as one to enforce a vendor's lien for unpaid purchase money; that the necessary cost of the work, above the amount placed in Miles' hands by Grove, might be regarded as unpaid purchase money. We see no sufficient reason, from what has since been presented to our consideration, to change the former view which we entertained of the bill.

It is objected that the decree, in regard to amount, is not warranted by the proofs.

The record contains a stipulation of the parties, that the payments mentioned in the account rendered by Miles, and in his testimony, and the receipts and vouchers filed therewith, were made at the times, to the amounts and for the purposes therein mentioned. Neither the value of the labor nor of the materials is admitted by the stipulation, and Miles introduced no evidence as to their value. He rested upon the making of the payments, and the decree allows him the amount of payments made. On the part of the defendant, it was testified to, by several competent witnesses, that the whole cost of furnishing and putting in the machinery, according to the agreement between Miles and Grove of October 21, ought not to have exceeded the amount of $8855.62. In view of this testimony, at least, it was incumbent on Miles to make some proof in regard to the value of the work he paid for, which he failed to do. Under the proof in the record, the necessary cost of the completion of the contract of Grove was

very much less than the amount allowed by the decree. Grove should only be charged for the reasonable value of the labor and materials necessary to complete his contract, and not for the price paid therefor, regardless of whether it was reasonable or not.

It is claimed, that Grove should have been allowed rent for his interest, since the completion of the mill. The mill was completed July 21, 1868, and has been in running order ever since. Miles testified, that he run the mill two months and eighteen days, and for this time Grove is allowed for half of the rent of the mill, $269.50, at $2500 per year. This is all the allowance on account of his interest. Miles testified that he had sold his one-half of the mill, but that he had always represented one-half of it, and had always had entire and exclusive possession of the mill, as against Grove, since its completion.

Grove expended toward the completion of the mill $7400. The benefit of that expenditure has been enjoyed by some one else than Grove, ever since the completion of the mill, July 21, 1868. The decree was rendered in March, 1873. It would seem that Grove should have been allowed, on account of his interest, for more than two months and eighteen days' rent. The proof leaves it unsatisfactory whether Miles has derived anything from the use of the mill, except for the two months and eighteen days he run it, though it might be inferred that he had, from his statement that he had always represented one-half of the mill, and had always had possession of the mill as against Grove.

So far as Miles may have derived anything in respect of the use and enjoyment of the mill, he should be charged with the rents and profits of Grove's proportional interest, as represented by his expenditure of $7400.

The decree will be reversed, and the cause remanded for further proceedings consistent herewith.

*Decree reversed.*